UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMMIE WADE                              CIVIL ACTION

VERSUS                                   NO. 13-5442

PATRICK R. DONAHOE,                      MAGISTRATE JUDGE
POSTMASTER GENERAL                       JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS

Plaintiff's Motion to Continue Submission Date, Trial and All Dates, Record Doc.
No. 34, is currently pending in this matter.  Defendant filed a timely written opposition
memorandum, and plaintiff was granted leave to file a reply memorandum.  Record Doc.
Nos. 37-40.   Having considered the record, the applicable law and the written
submissions of counsel, plaintiff's motion is GRANTED IN PART AND DENIED IN
PART as follows.

Motions to continue trial are directed to the broad discretion of the court.  Clinton
v. Jones, 520 U.S. 681, 706-07 (1997); In re FEMA Trailer Formaldahyde [sic] Prods.
Liab. Litig., 628 F.3d 157, 161 (5th Cir. 2010) (citing United States v. Stalnaker, 571
F.3d 428, 439 (5th Cir. 2009); United States v. German, 486 F.3d 849, 854 (5th Cir.
2007); Streber v. Hunter, 221 F.3d 701, 736 (5th Cir. 2000)).  In deciding such motions,
courts evaluate the totality of the circumstances, including such factors as the amount of
time available, the moving party's role in shortening the time needed, the likelihood of
prejudice from denial of the motion, the facts of the particular case, the complexity of the

case, and all of the demands on counsel's time and the court's.  Stalnaker, 571 F.3d at 439; Streber, 221 F.3d at 736 (citing HC Gun & Knife Shows, Inc. v. City of Houston, 201 F.3d 544, 549-50 (5th Cir. 2000)).

In addition, a trial date set in a Rule 16 scheduling order, Record Doc. No. 29, may be modified only upon a showing of "good cause," Fed. R. Civ. P. 16(b)(4), involving the evaluation of four factors; i.e., the explanation for the requested extension, its importance, prejudice resulting to the opposing party, and the availability of a continuance to cure the prejudice.  Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003).

Applying the foregoing standards in this case weighs in favor of a finding of Rule 16 "good cause" and granting the requested continuance of the trial and other pretrial dates, but not all deadlines as sought in this motion.  Plaintiff's explanation invokes record completeness, thorough evaluation of two defense dispositive motions, and both party and judicial economy and efficiency.  As defendant concedes, discovery is not yet complete, due in part to the retirement of and difficulty in locating two important witnesses who are former defense supervisory employees, neither of whom has been deposed, together with defendant's "imperfect record-keeping," Record Doc. No. 37 at p. 2, which has slowed document production.  Plaintiff's preparation of oppositions

to the pending motions for summary judgment and for trial has thereby been hampered. These reasons are persuasive.

Defendant's pending motions for summary judgment, Record Doc. Nos. 32 and 33, are supported by voluminous exhibits and have a current submission date only one week before the final pretrial conference. The case has been pending for a little more than 16 months, and only <u>one</u> continuance of the trial date has previously been requested by counsel and granted. Record Doc. Nos. 25 and 28.[1] I see no prejudice to defendant in granting the requested continuance of trial, the final pretrial conference, the date for submitting opposition to the pending motions and the discovery deadline.

On the other hand, the motion is denied in part insofar as it seeks continuance and/or extension of <u>all</u> other dates and deadlines, such as for amendment of pleadings and required disclosures. Accordingly, the final pretrial conference and trial dates are continued. The two motions for summary judgment, together with defendant's related ex parte motion for leave to file documents, Record Doc. No. 41, are hereby DISMISSED WITHOUT PREJUDICE. Defendant may refile <u>one</u> motion for summary judgment, containing all of its arguments and grounds in a <u>single</u> submission, attaching all related evidence and revising the motion, if the need arises after additional discovery, pursuant

---

[1]Trial was also continued once by me when the case was initially referred because the trial date conflicted with another jury trial and criminal hearings previously set on my calendar. Record Doc. Nos. 18, 20.

to a new schedule for completion of discovery and motion practice, with new dates for the final pretrial conference and trial, that the court will hereafter set.

**IT IS FURTHER ORDERED** that the final pretrial conference previously set for January 14, 2015 at 2:00 p.m. is HEREBY CONVERTED TO A STATUS CONFERENCE, which must be attended in person by counsel for both sides with their calendars in hand and ready to identify all remaining discovery to be conducted, so that a new, detailed and final schedule for completing this matter can be crafted by the court.

New Orleans, Louisiana, this _____9th_____ day of January, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

4